**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>               Plaintiff,           )<br>                                    )<br>v.                                  )<br>                                    )<br>                                    )<br>                                    )<br>ERICK A. PENA and                   )<br>JESSE H. TALLENT,                   )<br>                                    )<br>               Defendants.          )<br>_____) | **CRIMINAL ACTION**<br><br>No. 12-10223-01,02 |

**GENERAL ORDER OF DISCOVERY AND SCHEDULING**

In the interests of justice and judicial economy, the Court enters the following general order of discovery and scheduling which will apply to the charges and to any superceding charges in this case. In general, the Court will order the parties to comply with Rules 12, 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, with Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny and with Title 18, U.S.C. § 3500, as well as Rule 404(b), Federal Rules of Evidence.

Unless otherwise specified, a request is not necessary to trigger the operation of this Order, notwithstanding Rule 16's "upon request" language. Thus, the absence of a request may not be asserted as a reason for noncompliance. A principal purpose of this order is to

Revised April 2012.

make self-executing the disclosure and discovery provisions of the Rules, thereby reducing or eliminating the filing of "boilerplate" discovery motions and motions for extension of time. Counsel are expected to communicate with each other regarding discovery and nothing in this order is intended to deter the voluntary exchange of information between counsel at times sooner than those specified.

### Disclosure by the Government

No later than 30 days after arraignment, the government shall comply with Rule 16.

Pursuant to Brady and Giglio and their progeny, and no later than 30 days after arraignment, the government shall produce any and all evidence in its possession, custody or control which would tend to exculpate the defendant (that is, evidence which is favorable and material to a defense), or which would constitute impeachment of government witnesses, or which would serve to mitigate punishment, if any, which may be imposed in this case. This includes and is not limited to the following:

1. Any evidence tending to show threats, promises, payments or inducements made by the government or any agent thereof which would bear upon the credibility of any government witness.

2. Any statement of any government witness which is inconsistent with a statement by the witness which led to the indictment in this case.

3. Any statement of any government witness which the attorney for the government knows or reasonably believes will be inconsistent with the witness' testimony at trial.

4. Any prior conviction of any government witness, which

involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted.

     5.   Any pending felony charges against any government witness.

     6.   Any specific instances of the conduct of any government witness which would tend to show character for untruthfulness.

Subject to the requirements of <u>Brady</u>, <u>Giglio</u> and pursuant to 18 U.S.C. § 3500 and Rule 26.2, the government may decline to disclose pretrial statements of any of its witnesses until each such witness has concluded his or her direct examination at trial.  At that time, the government shall produce the witness' prior statement that is in its possession relating to the witness' testimony.  The Court nevertheless urges the government to provide the statements at least 48 hours prior to the witness' scheduled appearance.

Pursuant to Rule 404(b), the government shall provide to the defendant the general nature of other crimes, wrongs or acts of the defendant which the government intends to use at trial.  The government shall provide this information at least 30 days prior to trial.  No later than 14 days prior to trial, the defendant shall file any motion objecting to the use of such evidence.  The motion shall state whether the defendant requests an evidentiary hearing.

<u>Disclosure by the Defendant</u>

The defendant is not required to give notice of an alibi defense unless the government requests such notice pursuant to Rule 12.1(a)(1).  The defendant must comply as required by Rule 12.1(a)(2).

Pursuant to Rule 16(b)(1), the government is granted reciprocal discovery which shall be disclosed by the defendant 14 days following

Rule 16 disclosures by the government.

The defendant shall file all motions and notices pursuant to Rules 12(b)(3)(A) and (B), 12.2 and 12.3 no later than 30 days following arraignment. These motions are not dependent on discovery from the government. Motions pursuant to Rule 12(b)(3)(C), which arguably may be dependent on discovery from the government, shall be filed no later than 50 days following arraignment or 20 days following disclosure by the government, whichever is the shorter period. The defendant's compliance with these requirements may not be delayed or excused by a claim that the government has not met its obligations under this order.

## Miscellaneous Requirements

The original arraignment date governs the times specified herein. Rule 45 governs time computations. The times will not be automatically modified, suspended, extended or restarted by the filing of additional or superceding charges. If the filing of additional or superceding charges causes the government or the defendant to believe a modification of the time limits is required, counsel shall promptly request a status conference. The defendant's presence will not be required at the conference. Rule 43(b)(3).

If either the government or the defendant is unable for good cause shown to comply with the requirements of this order, the non-compliant party shall file, at least 3 days before the compliance date, a statement setting forth the reasons for non-compliance and stating when there will be compliance. Failure to comply with this order or to show good cause for not being able to comply may result in disallowance of use of evidence or defenses not disclosed.

-4-

Should the government or the defendant require additional discovery not covered by this order, the party shall file a motion requesting the specific discovery along with proper memorandum and specific citations setting forth the authority for the request.  The motion shall be filed no later than 7 days following the date(s) for disclosure set forth herein.

Any motion not specifically contemplated by the Rules shall be filed no later than 30 days following arraignment unless a different time is specified herein.

Responses to any motions filed pursuant to this order shall be filed no later than 14 days following the filing of the motion.  The court will set hearings, as needed.

It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel any newly discovered information or other material within the scope of this order.

All requests for special voir dire questions to be asked by the court and jury instructions shall be submitted no later than 3 days prior to trial.

Whenever a defendant or witness has need for the services of an interpreter, the attorney whose client or witness will require the interpreter shall be responsible for arranging for the services of a competent interpreter.  The court pays for the services of interpreters for all court proceedings whether or not counsel is appointed or retained.  However, retained counsel is responsible for interpreter's fees incurred for services other than court proceedings such as consultations outside the courthouse, jail interviews, witness interviews, etc.

This case is set for trial on December 18, 2012 at 9:00 a.m.  A status conference/plea hearing will be held at 10:30 a.m. on December 10, 2012.

Should a defendant decide to plead guilty, defense counsel must make arrangements to schedule the plea prior to the day of trial so that a jury panel will not be called unnecessarily.  A failure to do so, without good cause shown, may result in imposition of sanctions, including assessment of the costs of calling the jury panel.

IT IS SO ORDERED.

Dated this 16th day of October, 2012, at Wichita, Kansas.

s/ Monti Belot
MONTI L. BELOT
UNITED STATES DISTRICT JUDGE