# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MONTI L. BELOT**  
**Judge**

**111 U.S. Courthouse**  
**401 N. Market**  
**Wichita, Kansas 67202**  
**(316) 315-4340**

March 27, 2013

ALL COUNSEL OF RECORD

    Re:  United States v. Tallent  
           Case No. 12-10223-02

Dear Counsel:

    I have reviewed the presentence report. Pursuant to Fed. R. Crim. P. 32(h), you are advised I am considering an upward variance from the guideline sentence of 63-78 months to the maximum statutory sentence of 10 years.

    Applying the factors set forth in 18 U.S.C. § 3553(a), defendant was arrested following a lengthy high-speed police chase through city streets. Ultimately he had to be subdued by use of a taser. The firearm which forms the basis of his conviction was found in the vehicle along with another firearm and ammunition. The offense of conviction is serious enough by itself but when the history and characteristics of defendant are considered, it seems clear that a guideline sentence will not be sufficient. Defendant has a long history of substance abuse, little if any employment and three children whom he does not support. He has 28 criminal history points, more than twice the number required to place him in criminal history category VI along with significant number of additional convictions which have not been counted for criminal history purposes. He has numerous arrests and pending charges which may be considered under 18 U.S.C. § 3661. Most, if not all of the sentences imposed following convictions in municipal and state district court resulted in suspended sentences and/or probation which ultimately were revoked. It does not appear that he has ever spent any significant jail or prison time as a result of his criminal conduct. In other words, there is nothing in the record to indicate that defendant's numerous contacts with law enforcement and the courts have deterred him from continued criminal conduct. There can be no question that a lengthy period of incarceration is the only way to protect the public from future crimes of defendant. There is nothing in the report to indicate that defendant needs or will benefit from educational or vocational training, medical care or other correctional treatment.

```
United States v. Tallent
March 27, 2013
Page Two
```

     I will not make up my mind regarding a final sentence until the day of sentencing when I've had the opportunity to hear from counsel and defendant, should he elect to address me.

                                      Very truly yours,

                                      s/Monti Belot

                                      Monti L. Belot

MLB/sw

cc: Roy Day