IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 6:12-cr-10223-JTM-2
                                                  Case No. 6:16-cv-01267-JTM

JESSE H. TALLENT,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Jesse Tallent's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 74). The court has reviewed the briefs and the record, including the Presentence Report (PSR). Because the record conclusively shows the defendant is not entitled to relief, the court denies the motion without a hearing.

Defendant entered a plea of guilty in this court to one count of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 38. Pursuant to 18 U.S.C. § 924(a)(2), that offense carried a potential penalty of up to ten years imprisonment. Prior to sentencing, a PSR was prepared in which the Probation Office calculated that defendant's offense level was 19, and his criminal history category was VI (based upon 28 criminal history points), resulting in an advisory guideline range of 63 to 78 months. Dkt. 42. Prior to sentencing, Judge Monti L. Belot notified the parties he was contemplating an upward variance to 120 months,

based in large part on the defendant's extensive criminal history. Dkt. 43. On April 29, 2013, Judge Belot denied requests for a lesser sentence and imposed a sentence of 120 months imprisonment. Dkt. 52. No direct appeal was filed.

On June 28, 2016, defendant filed a § 2255 motion arguing that he is entitled to be resentenced. The motion cites *Johnson v. United States*, 135 S.Ct. 2551 (2015), which found the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague, and *Welch v. United States*, 136 S.Ct. 1257 (2016), which made *Johnson* retroactive to cases on collateral review. It also cites case law finding a corresponding residual clause in the U.S. Sentencing Guidelines to be improperly vague. Dkt. 74 at 4 (*citing United States v. Harbin*, 2015 WL 4393889 (6th Cir. 2015)). The motion proceeds to argue that defendant "is entitled to be resentenced where he was enhanced for prior convictions that do not qualify for enhancement purposes under the residual clause." Dkt. 74 at 5.

As the Government points out, however, defendant was not given any enhancement under a residual clause, either under the Armed Career Criminal Act or the corresponding sentencing guidelines. His prior convictions and criminal history were considered by the sentencing judge in imposing the sentence, but no statutory or guideline enhancement for a prior violent felony was applied at sentencing. Accordingly, defendant is not entitled to relief under *Johnson* or under cases applying *Johnson* to the sentencing guidelines.

The PSR shows that defendant was given a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.2, based upon a high-speed chase he led the police on when they attempted to arrest him. That enhancement bears some similarity

2

to the ACCA residual clause in that both are based on an assessment of risk. The obstruction enhancement applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Defendant may have had this provision in mind in arguing that his sentence was improperly enhanced, but if so, it is unavailing. *Johnson* found the ACCA residual clause to be vague in part because it required a risk assessment based on imagined or hypothetical crimes. *Johnson*, 135 S.Ct. at 2561. The Supreme Court expressly stated, however, that it did "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct…." *Id*. Defendant's enhancement was based on his "real-world conduct"- i.e., attempting to flee officers in a vehicle at twice the posted speed limit; driving over curbs and into oncoming traffic; causing other drivers to swerve out of the way; running ten red lights and thirteen stop signs; and stopping only after spike strips were deployed and defendant's vehicle was cornered. Dkt. 42 at 6-7. Application of the obstruction enhancement to defendant's actual conduct poses no vagueness problem of the sort found in *Johnson*. Defendant's motion will therefore be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v.*

3

*Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the court finds that defendant has not satisfied this standard. The court therefore denies a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** this 25th day of August, 2016, that defendant's Motion to Vacate Sentence (Dkt. 74) is DENIED. The court denies a certificate of appealability as to this order.

                                        ___s/ J. Thomas Marten_____
                                        J. THOMAS MARTEN, JUDGE