IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                  No. 12-10223-02-JTM
                                                     Civil No. 18-1052-JTM

JESSE H. TALLENT,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court following defendant Jesse Tallent's letter to the court, which has been construed as a motion for relief under 18 U.S.C. § 2255, in which he asks: "do I qualify for relief for the *Rehaif* case?" (Dkt. 80, at 1). Tallent otherwise makes no explanation or argument for why he might be entitled to relief. In *Rehaif v. United States*, 139 U.S. 2192, 2200 (2019), the Supreme Court held that to prosecute a defendant 18 U.S.C. § 922(g) "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

This court denied Tallent's previous § 2255 motion on August 25, 2016, which presented a different attack on his conviction and sentence. The present motion, accordingly, is a successive § 2255 which this court is without jurisdiction to entertain in

the absence of authorization by the Tenth Circuit. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The court will dismiss the motion given the lack of jurisdiction. Further, the court declines to transfer the motion to the Tenth Circuit to determine whether to authorize a successive § 2255 motion. *Rehaif* was a matter of statutory construction rather than a new rule of constitutional law, and as a result "courts have uniformly held that *Rehaif* is not retroactively applicable on collateral review." *Barela v. United States*, No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. Jan. 31, 2020).

IT IS ACCORDINGLY ORDERED this day of February, 2020, that the defendant's Motion to Vacate (Dkt. 80) is dismissed.

*J. Thomas Marten*
J. Thomas Marten, Judge